IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE GOULD, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>IDEAL CONCEPTS, INC.<br><br>  Defendant. | CIVIL ACTION<br><br>Case No. 5:17-cv-03984-JFL |

**ANSWER OF DEFENDANT IDEAL CONCEPTS, INC.
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant IDEAL CONCEPTS, INC., by and through its attorneys, hereby responds to Plaintiff's Class Action Complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph and, therefore, denies same and demand strict proof at trial.

2. Admitted that Plaintiff brings this action as a putative class, but denied that there is any factual or legal basis for the claim alleged, treatment as a class, or relief sought.

3. Admitted that Defendant is a Pennsylvania corporation in good standing with its principal office in Allentown, Pennsylvania.

4. Admitted that Defendant does business as American Insurance Organization and that American Insurance Organization is registered as a fictitious name for Ideal Concepts with the office of the Pennsylvania Secretary of State.

5. Denied.

6. Denied.

2

**BACKGROUND**

7. Admitted that Defendant markets and sells insurance products to the general public, including health and life insurance.

8. Admitted that the website www.idealconcepts.com identifies "American Insurance Organization" as "one of our brands."

9. Denied.

10. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph and, therefore, denies same and demand strict proof at trial.

11. Denied.

12. Denied.

13. Denied.

14. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph and, therefore, denies same and demand strict proof at trial.

15. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the factual averments contained in this paragraph and, therefore, denies same and demand strict proof at trial.

16. Admitted that Defendant called Plaintiff pursuant to her prior express written consent to receive calls regarding insurance.

17. Denied.

18. Denied.

19. Denied.

20.     Denied.

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**
**47 U.S.C. § 227** *et seq.*

21.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

22.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

23.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

24.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

25.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

26.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.

27.     Admitted that Plaintiff brings this action as a putative class, but denied that there is any factual or legal basis for the claim alleged, treatment as a class, or relief sought.

28.     Admitted that Plaintiff brings this action as a putative class, but denied that there is any factual or legal basis for the claim alleged, treatment as a class, or relief sought.

29.     Denied.

30.     Admitted that Defendant owns a sales platform referred to as "SalesRadix." Admitted further that Defendant operates the website www.salesradix.com.  Answering further, Defendant states that the quoted language in Paragraph 30 speaks for itself.  Defendant denies all remaining allegations in Paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## CLASS ACTION ALLEGATIONS

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE, Defendant Ideal Concepts, Inc. requests this Court enter judgment in its favor and against all other parties.

## AFFIRMATIVE & OTHER DEFENSES

Ideal Concepts, Inc. hereby asserts the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE
(*Prior Express Consent*)

Plaintiff's claim is barred because she, or someone working on her behalf, provided prior express written consent to receive the alleged calls at issue.

### SECOND DEFENSE
(*Lack of Article III Standing*)

Because Plaintiff alleges solely a bare, technical statutory violation, she has suffered no actual damages and thus no injury-in-fact sufficient to confer Article III standing.

### THIRD DEFENSE
(*Lack of Statutory Standing*)

Upon information and belief, Plaintiff is not the subscriber nor the owner of the cellular telephone that received the calls at issue, and thus lacks statutory standing to pursue her claim.

### FOURTH DEFENSE
(*Invited the Harm*)

Plaintiff's claim is barred by the doctrine of *volenti non fit injuria* because she intentionally invited the harm of which it now complains.

### FIFTH DEFENSE
(*Violation of the Fifth and Fourteenth Amendments*)

The statutory damages provision of the TCPA, which provides for statutory damages of $500 for each unsolicited fax sent in negligent violation of the TCPA and for $1,500 for intentional violations regardless of whether Plaintiff suffered any actual injury, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if

19755941v.1

a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

## SIXTH DEFENSE
(*Violation of the First Amendment*)

As applied in this lawsuit, the TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on Defendant's constitutional rights under the Free Speech Clause.

## SEVENTH DEFENSE
(*De Minimis Harm*)

Plaintiff's alleged harm, if any, was *de minimis*, and is thus unrecoverable.

## JURY DEMAND

Ideal Concepts, Inc. requests trial by jury of all claims that can be so tried.

DATED:  October 6, 2017             Respectfully submitted,

     /s/ Shane R. Heskin

Shane R. Heskin
heskins@whiteandwilliams.com
**WHITE AND WILLIAMS LLP**
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Telephone:  (215) 864-6329

David S. Almeida, Esq. (*pro hac vice* filed)
dalmeida@beneschlaw.com
Mark S. Eisen, Esq. (*pro hac vice* filed)
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192

*Counsel for Ideal Concepts, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing **ANSWER OF DEFENDANT IDEAL CONCEPTS, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT** was served upon all interested parties using this Court's ECF filing system this 6th day of October, 2017.

                                              /s/ Shane R. Heskin